STILLMAN LEGAL PC
LINA STILLMAN
42 Broadway, 12th Floor
New York, New York 10004
www.FightForUrRights.com
212-203-2417
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CONCEPCION FLORES individually *and on behalf of all other employees similarly situated*<br><br>*Plaintiff*,<br><br>-v-<br>LUNA'S RESTAURANT INC. (LUNA'S MEXICAN RESTAURANT) ELVIA LUNA AND IRAIS TELLEZ) jointly *and severally*.<br><br>*Defendants.* | **FLSA COLLECTIVE ACTION COMPLAINT**<br><br>**COLLECTIVE ACTION**<br><br>**UNDER 29 U.S.C.§ 216(b)** |

## NATURE OF THE ACTION

1.  Plaintiff Concepcion Flores brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et. seq.* in order to remedy Defendants' wrongful withholding of her lawfully earned wages and overtime compensation. Plaintiff also brings these claims under New York Labor Law ("NYLL"), Article 6, §§ 190 et. seq., as well as the supporting New York State Department of Labor Regulations for violations of overtime compensation requirements, and failure of Defendants to comply with notice and record-keeping requirements. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL. Defendants' conduct extended beyond the Plaintiffs to all other similarly situated employees. Plaintiffs seeks

certification of this action as a collective action on behalf of herself individually and those other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## SUMMARY

2. Plaintiff was employed by Defendants, ELVIA LUNA AND IRAIS TELLEZ, LUNA'S RESTAURANT INC. (DBA LUNA'S MEXICAN RESTAURANT) (collectively "Defendants"), as a kitchen worker from November 2016 until on or about end of November 2019.

3. Throughout the course of her employment, Plaintiff worked anywhere from 47 to 55 hours per week and was paid at a flat fee of $35 per day.

4. Plaintiff was not paid at an overtime rate of one-and-one-half her regular rate of pay for the overtime hours that he worked nor was she paid at the minimum wage.

## JURISDICTION AND VENUE

**Federal Question Jurisdiction and Supplemental Jurisdiction**

5. This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1331 because the civil action herein arises under the laws of the United States, namely, the Fair Labor Standards Act and 29 U.S.C. §201 *et seq*. Additionally, this Court also has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. §1367(a).

**Personal Jurisdiction**

6. This Court may properly maintain personal jurisdiction over Defendants under Rule 4 of the Federal Rules of Civil Procedure because Defendants' contacts with this state and this judicial district are sufficient for exercise of jurisdiction over Defendants so as to comply with traditional notions of fair play and substantial justice.

**Venue**

7. Venue is proper in the Eastern District of New York under 28 U.S.C. §§ 1391 (b)(1) and (2) because Defendants reside and conduct business in this judicial district and because a substantial part of the acts or omissions giving rise to the claims set forth herein occurred in this judicial district.

**Corporate Defendant**

**LUNA'S RESTAURANT INC.**

8. LUNA'S RESTAURANT INC is a domestic professional corporation formed on 2006, and organized and existing under the laws of the State of New York.

9. LUNA'S RESTAURANT INC owns and operates a restaurant located At 43-13 Broadway, Astoria, NY 11103.

10. At all relevant times, LUNA'S RESTAURANT INC was a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d), the NYLL § 190, the N.Y. Executive Law § 292(5), and the N.Y. Admin. Code. § 8–102(5).

11. At all relevant times, LUNA'S RESTAURANT INC maintained control, oversight, and direction over the Plaintiff, including timekeeping, payroll and other employment practices that applied to her.

12. During Plaintiff's employment, LUNA'S MEXICAN RESTURANT was open seven days per week.

13. From Plaintiff's observations, LUNA'S MEXICAN RESTURANT typically made an average of $4,000 of gross income per day.

14. At all relevant times, LUNA'S RESTAURANT INC. was "an enterprise engaged in commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A) because its employees handled goods and/or materials that have been imported, produced, and/or distributed in

interstate commerce. Additionally, LUNA'S RESTAURANT INC conducted business with vendors and other businesses outside the State of New York and engaged in credit card transactions involving banks and other institutions outside the State of New York.

15. Upon information and belief, at all relevant times, Luna's Restaurant Inc annual gross volume of sales made, or business done, was not less than Five Hundred Thousand Dollars ($500,000.00) exclusive of separate retail excise taxes, within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A)(ii).

### Individual Defendants

**ELVIA LUNA**

16. Upon information and belief, at all relevant times throughout Plaintiff's employment, ELVIA LUNA was an owner, authorized operator, manager, and agent of the Corporate Defendant.

17. At all relevant times throughout Plaintiff's employment, Individual Defendants and Corporate Defendants were joint employers of the Plaintiff, acted in the interest of each other with respect to employees, and had common policies and practices as to wages and hours, pursuant to 29 CFR § 791.2.

18. At all relevant times throughout Plaintiff's employment, Individual Defendant Luna had the discretionary power to create and enforce personnel decisions on behalf of the Corporate Defendant, including but not limited to: hiring and terminating employees; setting and authorizing issuance of wages; maintaining employee records; setting Plaintiff's and other employees' schedule; negotiating Plaintiff's rate of pay; instructing, supervising and training Plaintiff; and otherwise controlling the terms and conditions for the Plaintiff while she was employed by Defendants.

19. At all relevant times throughout Plaintiff's employment, Individual Defendants were actively involved in the day-to-day operations of Corporate Defendant.

20. At all relevant times throughout Plaintiff's employment, Individual Defendant was a "covered employer" within the meaning of the FLSA, the NYLL, the HRL, and the NYCHRL, and employed or jointly employed Plaintiff, and is personally liable for the unpaid wages and other damages sought herein, pursuant to 29 U.S.C. § 203(d), NYLL § 2, N.Y. Executive Law § 296(6), and N.Y. Admin. Code § 8-107(6).

**IRAIS TELLEZ (AKA ROCIO)**

21. Upon information and belief, at all relevant times throughout Plaintiff's employment, Irais Tellez (AKA Rocio) was one of the owners, authorized operators, managers, and agents of the Corporate Defendant.

22. At all relevant times throughout Plaintiff's employment, Individual Defendant and Corporate Defendant were joint employers of the Plaintiff, acted in the interest of each other with respect to employees, and had common policies and practices as to wages and hours, pursuant to 29 CFR § 791.2.

23. At all relevant times throughout Plaintiff's employment, Individual Defendant Tellez had the discretionary power to create and enforce personnel decisions on behalf of the Corporate Defendant, including but not limited to: hiring and terminating employees; setting and authorizing issuance of wages; maintaining employee records; setting Plaintiff's and other employees' schedule; negotiating Plaintiff's rate of pay; instructing, supervising and training Plaintiff; and otherwise controlling the terms and conditions for the Plaintiff while she was employed by Defendants.

24. At all relevant times throughout Plaintiff's employment, Individual Defendant was

actively involved in the day-to-day operations of Corporate Defendant.

25. At all relevant times throughout Plaintiff's employment, Individual Defendant was a "covered employer" within the meaning of the FLSA, the NYLL, the HRL, and the NYCHRL, and employed or jointly employed Plaintiff, and is personally liable for the unpaid wages and other damages sought herein, pursuant to 29 U.S.C. § 203(d), NYLL § 2, N.Y. Executive Law § 296(6), and N.Y. Admin. Code § 8-107(6).

**Corporate Defendant**

26. LUNA'S RESTAURANT INC. (hereinafter "Defendant Corporation") is a domestic business corporation organized and existing under the laws of the state of New York. LUNA'S RESTAURANT INC., owns and operates a restaurant called LUNA'S MEXICAN RESTURANT located at 43-13 Broadway, Astoria, NY 11103

27. At all relevant times, Defendant Corporation maintained control, oversight, and direction over the Plaintiffs, including timekeeping, payroll, and other employment practices that applied to them.

28. At all relevant times, Defendant Corporation was an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a) and employed Plaintiffs within the meaning of the FLSA.

29. At all relevant times, Defendant Corporation used goods and materials produced in interstate commerce, such as food and food ingredients manufactured out of state and distributed in New York and employed numerous individuals who handled these goods and materials.

30. At all relevant times, Plaintiff was employed by Defendant Corporation within the meaning of the NYLL §§ 2 and 651.

31. Upon information and belief, at all relevant times, Defendant Corporation annual

gross volume of sales made, or business done, was not less than Five Hundred Thousand Dollars ($500,000.00) exclusive of separate retail excise taxes, within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A)(ii).

## FACTUAL ALLEGATIONS

**Plaintiff Concepcion Flores**

32. Plaintiff Flores was formerly employed by Defendants from in or around November 2016 until on or about end of November 2019.

33. Plaintiff regularly handled goods in interstate commerce throughout the course of her employment with Defendants, such as food, food ingredients and drinks, produced or manufactured out of state and distributed in New York.

34. Throughout her employment, Plaintiff was a waitress, serving beverages to Customers in the night shift.

35. At the time of her hiring, Individual Defendant agreed to pay Plaintiff a salary of $35 per day for her work as a waitress/dancer.

36. Individual Defendants also agreed with Plaintiff that her schedule would six days per week, Wednesday through Sunday from 11:00 pm until 9:00 am and Mondays from 11:00 pm until 6:00 am or fifty (50) hours per week.

37. Throughout the duration of her employment, Plaintiff did not have any supervisory authority, nor did she exercise discretion or independent judgment with respect to matters of significance.

38. Plaintiffs never had any managerial duties, such as hiring and firing employees, doing payroll and setting employees' hours of work.

**Defendants' Unlawful Corporate Practices**

39. Defendants required Plaintiff to work and never compensated them at all for her work.

40. Plaintiff was never provided with any wage statements, time sheets, or other documents showing the amount of hours they each worked every week and the amounts they were owed.

41. Plaintiff was not provided with a wage notice at the time of hire or at any point thereafter.

42. Upon information and belief, while Defendants employed Plaintiff, they failed to post notices explaining the minimum and overtime wage rights of employees under the FLSA and NYLL and failed to inform Plaintiff of such rights.

43. Defendants repeatedly suffered or permitted Plaintiff to work in excess of forty (40) hours per week without paying them the appropriate premium overtime pay of one and one-half times the statutory minimum wage.

44. Defendants paid Plaintiff Vera a flat daily rate for all her hours of work

45. Defendants willfully disregarded and purposefully evaded record-keeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

46. Plaintiff was never provided with a wage notice at the time of hire or at any point thereafter, noting her hourly wage increases.

47. Upon information and belief, while Defendants employed Plaintiff, they failed to post notices explaining the minimum and overtime wage rights of employees under the FLSA and NYLL and failed to inform Plaintiffs of such rights.

48. Plaintiffs has personal knowledge of other employees of Defendants who are

similarly situated and who also worked hours for which they were not paid minimum and overtime wages.

## COLLECTIVE ACTION ALLEGATIONS

49. Pursuant to 29 U.S.C. §§ 203, 206, 207, and 216(b), Plaintiffs brings her First and Second causes of action as a collective action under the FLSA on behalf of themselves and the following collective:

All persons employed by Defendants at any time from November 12, 2019 to the present day (the "Collective Action Period") who worked as non-exempt employees of the Defendants (the "Collective Action Members").

50. A collective action appropriate in these circumstances because Plaintiffs and the Collective Action Members are similarly situated, in that they were all subject to Defendants' illegal policies of failing to pay wages at or above the statutory minimum and failing to pay overtime wages for all hours worked above 40 hours per week.

51. Plaintiffs and the Collective Action Members have substantially similar job duties and are paid pursuant to a similar, if not the same, payment structure.

52. The claims of the Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

**Fair Labor Standards Act – Violation of Minimum Wage Requirements**
**(Brought on Behalf of Plaintiffs and the Collective Action Members)**

53. Plaintiffs, on behalf of themselves and the Collective Action Members, reallege and incorporates by reference all allegations made in all preceding paragraphs as if fully set forth herein.

54. Defendants, throughout the majority of their employment period, paid Plaintiffs and the Collective Action Members in amounts below the applicable statutory minimum wage for

their hours worked, in violation of the FLSA, 29 U.S.C. § 206.

55. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware, or should have been aware, that the practices described in this Complaint were unlawful. Accordingly, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255(a).

56. As a result of the Defendants' violations of the FLSA, Plaintiffs, and the Collective Action Members have suffered damages by being denied wages at or exceeding the statutory minimum in accordance with the FLSA in amounts to be determined at trial and are thus entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216 (b).

## SECOND CAUSE OF ACTION

**Fair Labor Standards Act – Unpaid Overtime Wages**
**(Brought on Behalf of Plaintiffs and the Collective Action Members)**

57. Plaintiffs, on behalf of themselves and the Collective Action Members, realleges and incorporates by reference all allegations made in all preceding paragraphs as if fully set forth herein.

58. Defendants failed to pay Plaintiffs and the Collective Action Members appropriate overtime wages for all hours worked above 40 hours per week thereby violating the FLSA, 29 U.S.C. § 207(a)(1) at a rate of one- and one-half times their regular rate of pay, but under no circumstances, below one- and one-half times the statutory minimum wage.

59. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware, or should have been aware, that the practices described in this Complaint were unlawful. Accordingly, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255(a).

60. As a result of the Defendants' violations of the FLSA, Plaintiffs and the Collective Action Members have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are thus entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

### THIRD CAUSE OF ACTION

**New York Labor Law – Violation of Minimum Wage Requirements**

61. Plaintiffs realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

62. Defendants, throughout the majority of Plaintiffs' employment, paid Plaintiffs less than the applicable statutory minimum wage for her hours worked in violation of NYLL § 652 and the supporting New York State Department of Labor regulations, including 12 N.Y.C.R.R. Part 146-1.2.

63. Defendants' failure to pay Plaintiffs the minimum wage lacked a good faith basis within the meaning of NYLL § 663.

64. Due to Defendants' violations of the NYLL, Plaintiffs is entitled to recover from Defendants her unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest, pursuant to NYLL § 198 (1-a).

### FOURTH CAUSE OF ACTION

**New York Labor Law – Unpaid Overtime Wages**

56. Plaintiffs realleges and incorporates by reference all allegations in all preceding paragraphs.

57. Defendants failed to pay Plaintiffs overtime wages for all hours worked above 40 hours per week thereby violating the NYLL §§ 190 *et seq.* and the New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 146-1.4.

58. Defendants' failure to pay Plaintiffs overtime compensation lacked a good faith basis within meaning of NYLL § 663.

59. Due to Defendants' violations of the NYLL, Plaintiffs is entitled to recovery of her unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, pursuant to NYLL § 198 (1-a).

## FIFTH CAUSE OF ACTION

**New York Labor Law – Failure to Provide Accurate Wage Statements**

65. Plaintiffs realleges and incorporates by reference all allegations in all preceding paragraphs.

66. Defendants have failed to provide Plaintiffs with complete and accurate wage statements throughout her employment listing, *inter alia*, all her regular and overtime hours of work, her rate of pay, and the basis of pay, in violation of NYLL § 195(3).

67. Due to Defendants' violations of the NYLL, Plaintiffs is entitled to recover from Defendants' statutory damages of Two Hundred and Fifty dollars ($250) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), pursuant to NYLL § 198 (1-d).

## SIXTH CAUSE OF ACTION

**New York Labor Law – Failure to Provide Notice at Time of Hiring**

68. Plaintiffs realleges and incorporates by reference all allegations in all preceding paragraphs.

69. Defendants failed to provide Plaintiffs at the time of hiring or at any point thereafter, a notice containing the rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular pay day designated by the employer; the physical address of the employer's main office or principal place of business; the telephone number of the employer, and anything otherwise required by law, in violation of NYLL § 195(1).

70. Due to Defendants' violations of the NYLL § 195(1), Plaintiffs is entitled to recover from Defendants statutory damages of Fifty dollars ($50) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000) pursuant to NYLL § 198 (1-b).-judgment interest, damages for emotional distress, attorney's fees, costs, and other such damages of an amount to be determined at trial, pursuant to N.Y. Executive Law § 297(9).

71. Defendant Tellez is jointly and severally liable for the aforementioned damages, since he incited, compelled and coerced the above discriminatory and unlawful conduct pursuant to N.Y. Executive Law § 296(6).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks the following relief:

A. Issuance of a declaratory judgment that the practices complained of in this complaint are unlawful under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.,* New York Labor Law, Article 19, §§ 650 *et seq.*, and supporting New York State Department of Labor Regulations, the New York Executive Law § 296, and the N.Y. Administrative Code. §§ 8–107;

B. Unpaid minimum wages and overtime pay under the FLSA and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b) and the supporting United States Department of Labor Regulations;

C. Unpaid minimum and overtime wages under NYLL, and an additional and equal amount as liquidated damages pursuant to NYLL §198(1-a) and § 663(1);

D. Civil penalties of One Thousand One Hundred Dollars ($1,100.00) for each of Defendants' willful and repeated violations of the FLSA pursuant to 29 U.S.C. § 216(b);

E. An award of statutory damages for Defendants' failure to provide Plaintiff with a wage notice at the time of hiring, or at any point thereafter, pursuant to NYLL § 198 (1-b);

F. An award of statutory damages for Defendants' failure to provide Plaintiff with wage statements, pursuant to NYLL § 198 (1-d);

G. An award of back wages, front wages, liquidated damages, damages for emotional distress, and punitive damages for the Defendants' prohibited retaliation against Plaintiff pursuant to 29 U.S.C. § 215(3);

H. A civil penalty of a maximum of Ten Thousand Dollars ($10,000.00) for Defendants' prohibited retaliation against Plaintiff pursuant to 29 NYLL § 215(1)(b);

  I. A permanent injunction requiring Defendants to pay all statutorily required wages pursuant to the FLSA and NYLL;

  J. If liquidated damages pursuant to FLSA, 29 U.S.C. § 216(b) are not awarded, an award of prejudgment interest pursuant to 28 U.S.C. § 1961;

  K. An award of pre-judgment interest of nine per cent per annum (9%) pursuant to the New York Civil Practice Law and Rules §§ 5001-5004;

  L. An award of post-judgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules § 5003;

  M. An award of attorney's fees, costs, and further expenses up to Fifty Dollars ($50.00), pursuant to 29 U.S.C. § 216(b), NYLL §§ 198 and 663(1), N.Y. Admin. Code § 8-502(g); and

  N. Such other relief as this Court shall deem just and proper.

Dated: New York, New York
   December 7, 2019

                Respectfully submitted,

                **STILLMAN LEGAL PC**

                /s/
          By: _____
             Lina Stillman
             *Attorneys for Plaintiff*
             42 Broadway, 12th Floor
             New York, New York 10004
             Tel: 212.203.2417|
             LS@StillmanLegalPC.com