```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CONCEPCION FLORES,

                        Plaintiff,                      REPORT & RECOMMENDATION
                                                           19 CV 6886 (EK)(LB)
        -against-

LUNA'S RESTAURANT INC.,
IRAIS TELLEZ, and ELVIA LUNA,

                        Defendants.
-----------------------------------------------------------X
```

**BLOOM, United States Magistrate Judge:**

Plaintiff Concepcion Flores brings this civil action against Luna's Restaurant Inc. ("L.R."), Irais Tellez, and Elvia Luna (collectively "defendants") alleging that defendants violated her rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and the New York Labor Law, N.Y. Lab. Law §§ 195–98 ("NYLL").[1] Despite proper service of the summons and complaint, ECF Nos. 7–8, defendants have failed to plead or otherwise defend this action. Plaintiff now moves for a default judgment against defendants pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. The Honorable Eric Komitee referred plaintiff's motion to me for a Report and Recommendation in accordance with 28 U.S.C. § 636(b). For the reasons set forth below, it is respectfully recommended that plaintiff's motion should be denied without prejudice.

## BACKGROUND[2]

Defendant L.R. is a New York corporation that owns and operates a restaurant at 43-13 Broadway, Astoria, NY 11103. ECF No. 1, Complaint ("Compl.") ¶¶ 8–9. Plaintiff alleges that the individual defendants, Luna and Tellez, were "owner[s], authorized operator[s], manager[s], and agent[s]" of L.R. Id. ¶¶ 16, 21.

Plaintiff alleges that she was employed by defendants from around November 2016 through November 2019 as a waitress and a dancer. Id. ¶¶ 32, 34–35. Plaintiff alleges that during her three years of employment, she worked Wednesday through Sunday from 11:00 p.m. until 9:00

---

[1] Although this action was purportedly brought "individually and on behalf of all other employees similarly situated," it was never certified as a collective action under FLSA. ECF No. 1 at 1.

[2] The facts are drawn from the uncontested allegations in plaintiff's complaint and are taken as true for the purpose of deciding this motion. See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F. 3d 105, 108 (2d Cir. 1997) (deeming well-pleaded allegations in complaint admitted on motion for a default judgment).

1

a.m., and Mondays from 11:00 p.m. until 6:00 a.m., for a total of approximately 50 hours per week. Id. ¶ 36. Plaintiff alleges that she was only paid $35.00 per day, regardless of how many hours she worked. Id. ¶¶ 35, 39. Furthermore, plaintiff alleges that defendants failed to maintain accurate records and failed to give her written wage notices or pay stubs regarding her rate of pay. Id. ¶¶ 40–42, 45–46.

## PROCEDURAL HISTORY

Plaintiff commenced this action against defendants on December 7, 2019. ECF No. 1. Summonses were returned executed on defendants on January 2 and February 4, 2020. ECF Nos. 7–8. When defendants failed to respond to plaintiff's complaint, plaintiff requested and the Clerk of Court noted entry of the defendants' default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. ECF No. 10–11. Plaintiff now moves for a default judgment against defendants pursuant to Rule 55(b)(2). ECF No. 12, Notice of Motion; ECF No. 13, Memorandum of Law in Support of Plaintiff's Application for Default Judgment ("Memo"). Plaintiff's motion attaches plaintiff's declaration ("Flores Decl."), ECF No. 14; plaintiff's counsel's declaration ("Stillman Decl."), ECF No. 15; plaintiff's counsel's time records, ECF No. 15-5; and a spreadsheet of the damages plaintiff alleges ("Spreadsheet"), ECF No. 15-6.

## DISCUSSION

As an initial matter, plaintiff fails to demonstrate that she gave defendants proper notice of the instant motion. See Local Civ. R. 55.2(c) (All papers submitted to the Court in support of a motion for a default judgment "shall simultaneously be mailed to the party against whom default is sought[,]" and "[p]roof of such mailing shall be filed with the Court."); see Augustin v. Apex Fin. Mgmt., No. 14 CV 182 (CBA)(VMS), 2015 WL 5657368, at *3 (E.D.N.Y. July 27, 2015) adopted by, 2015 WL 7430008 (E.D.N.Y. Nov. 23, 2015) ("Plaintiff's failure to comply with Local Civil Rule 55.2 alone warrants denial of the motion [for a default judgment], without prejudice to renew with an affidavit demonstrating proper service.") (citing cases).

Furthermore, plaintiff failed to file an adequate nonmilitary affidavit. "The non-military affidavit must be based not only on an investigation conducted after the commencement of an action or proceeding but also after a default in appearance by the party against whom the default judgment is to be entered." Apex Mar. Co., Inc. v. Furniture, Inc., No. 11 CV 5365 (ENV)(RER), 2012 WL 1901266, at *1 (E.D.N.Y. May 18, 2012) (citing cases). Although the affidavit of service states that the individual defendants were not believed to be in military service, ECF No. 8, there

2

is no statement that plaintiff investigated the military status of the individual defendants after the entry of default. In light of these procedural deficiencies, plaintiff's motion for a default judgment should be denied. See Arnoldo Lopez Vasquez v. Lahori Kebab & Grill Corp., No. 18 CV 2117 (JS)(SIL), 2019 WL 4396724, at *3 (E.D.N.Y. Aug. 13, 2019), adopted by, 2019 WL 4620922 (E.D.N.Y. Sept. 5, 2019) (denying plaintiff's motion for a default judgment in a FLSA case as to two defendants for failure to comply with Local Civil Rule 55.2); Bhagwat v. Queens Carpet Mall, Inc., No. 14 CV 5474 (ENV)(PK), ECF No. 27 at 3 (E.D.N.Y. Nov. 21, 2017) (denying plaintiff's motion for a default judgment in a FLSA case for failure to comply with Local Civil Rules 55.1 and 55.2 and failure to provide an adequate nonmilitary affidavit).

Even if plaintiff complied with the relevant procedural rules and established that defendants were liable under the applicable statutes, her request for an award of damages should be denied. Although the Court may rely on plaintiff's declaration to determine her damages, see Kuebel v. Black & Decker Inc., 643 F.3d 352, 362–64 (2d Cir. 2011) (citing cases), the substantive errors in her motion preclude an award of damages at this time. Plaintiff's motion contains incorrect names and dates, as well as inconsistent or omitted amounts of damages. See, e.g., Memo at 7, 10, 12, 14; Stillman Aff. at 15. Moreover, plaintiff requests $193,007.50 in damages in the proposed judgment, but this amount is not supported by the instant record. ECF No. 12-1 at 1 (requesting $193,007.50 in damages); Memo at 10 (requesting $149,767.50 in damages and $6,384.00 in attorney's fees); Stillman Aff. at 6–7 (requesting $135,080.00 in damages and $6,384.00 in attorney's fees).

Counsel describes how she calculated plaintiff's damages, Stillman Aff. at 5–6; Spreadsheet; however, her calculations and the Spreadsheet are unhelpful for several reasons. Counsel based her calculations on plaintiff working a 55-hour, 7-day work week, whereas plaintiff's affidavit states that she worked 50 to 55 hours per week over 6 days. Flores Aff. at 2; Spreadsheet at 2. Counsel also used the incorrect NYLL minimum wage rates, see Spreadsheet, NYLL § 652, 12 N.Y.C.R.R. § 146-1.2; set forth the minimum and overtime damages in the Spreadsheet without providing subtotals; and relied on the incorrect statutory maximums for plaintiff's NYLL wage notice and wage statement claims, see Memo at 14, Gamero v. Koodo Sushi Corp., 272 F. Supp. 3d 481, 509–11 n. 12, 14 (S.D.N.Y. Sept. 28, 2017). Counsel also fails to explain how the Court should calculate pre-judgment interest. Stillman Aff. at 4. Furthermore,

3

Counsel fails to support the $450.00 hourly rate requested to calculate her attorney's fees, id. at 6, and, fails to provide invoices for the requested costs, ECF No. 15-5.

## CONCLUSION

Accordingly, I respectfully recommend that plaintiff's motion should be denied without prejudice.[3] Plaintiff is hereby ordered to serve a copy of this Report upon defendants at their last known addresses and to file proof of service with the Court forthwith.

## FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen days from service of this Report to file written objections. See Fed. R. Civ. P. 6. Such objections shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: July 17, 2020
      Brooklyn, New York

---

[3] This Report does not list all the deficiencies in this motion; plaintiff's counsel must thoroughly review all applicable rules and carefully prepare any future motion.