STILLMAN LEGAL PC

LINA STILLMAN
42 Broadway, 12th Floor
New York, New York 10004
www.FightForUrRights.com
212-203-2417
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CONCEPCION FLORES individually *and on* behalf of all other employees similarly situated ) ) ) *Plaintiff*, ) ) -v- ) LUNA'S RESTAURANT INC. (LUNA'S ) MEXICAN RESTAURANT) ELVIA LUNA ) and IRAIS TELLEZ jointly *and severally*. ) ) *Defendants*. | **COLLECTIVE ACTION** **UNDER 29 U.S.C.§ 216(b)** |

# MEMORANDUM OF LAW IN SUPPORT OF

# PLAINTIFF'S APPLICATION

# FOR AMENDED DEFAULT JUDGMENT

## Table of Contents

Preliminary Statement....................................................................................................................7

  I.        PLAINTIFF IS ENTITLED TO JUDGMENT BY DEFAULT………………………..8

  II.       PLAINTIFF IS ENTITLED TO BACK PAY; LIQUIDATED DAMAGES; A THREE- YEAR LIMITATIONS PERIOD UNDER THE FLSA; PREJUDGMENT INTEREST, AND COSTS AND ATTORNEY'S FEES…………………………………………………………….………..9

    A. Back Pay……………………………………………………………………………10

    B. Liquidated damages under the FLSA……………………………………………........12

    C. Three-year limitations period under the FLSA...................................................................13

    D. Wage Notice and Statement Violations..............................................................................14

    E. Costs and Attorney's fees.....................................................................................................14

CONCLUSION................................................................................................................................15

## Table of Authorities

### Cases

*Berrios v. Nicholas Zito Racing Stable, Inc.*, 849 F.Supp.2d 372, 385 (E.D.N.Y. 2012)……......1 1

*Blue v. Finest Guard Servs. Inc.*, 2010 WL 2927398, at *11 (E.D.N.Y. June 24, 2010).………1 4

*Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Foundation Contractors, Inc.*, 699 F.3d 230, 234 (2d Cir. 2012).................................................................................................10

*D.H. Blair & Co., Inc. v. Gottdiener,* 462 F.3d 95, 107 (2d Cir. 2006)...........................................8

*Damassia v. Duane Reade, Inc.*, 2005 U.S. Dist. LEXIS 9768 at *5 (S.D.N.Y. May 20, 2005)....14

*Decraene v. Neuhaus (U.S.A.), Inc.,* U.S. Dist. LEXIS 10836 at *23-*24 (S.D.N.Y. 2005) ..........15

*Doo Nam Yang v. ACBL Corp.,* 425 F. Supp.2d 327, 340 (S.D.N.Y. 2005)...................................15

*Giles v. City of New York*, 41 F.Supp.2d 308, 317 (S.D.N.Y. 1999)..........................................11,12

*Guallpa v. NY Pro Signs Inc.*, 2014 U.S. Dist. LEXIS 77033…………………………….11, 12

*Hernandez v. Punto Y Coma Corp.*, 2013 U.S. Dist. LEXIS 130101, *21-*22 (E.D.N.Y. August 1, 2013)………………………………………….………………………………………13

*Jaramillo v. Banana King Rest. Corp.*, 2014 U.S. Dist. LEXIS 91261……… ……………7, 9

*Jiaren Wei v. Lingtou Zhengs Corp.*, 2014 U.S. Dist. LEXIS 182325…………………………5, 7

*McIntyre v. Manhattan Ford, Lincoln-Mercury, Inc.*, 176 Misc. 2d 325, 336 (N.Y. County 1997) ....................................................................................................................................................13

*McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133(1988)........................................................8

*Moon v. Kwon*, 248 F. Supp. 2d 201, 235 (S.D.N.Y. 2002) ............................................................6

*Santillan v. Henao*, 822 F. Supp.2d 284 I 297 (E.D.N.Y. 2011) .....................................................8

*Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993) ......................................................4

## Statutes

29 U.S.C. §§ 201 *et seq seq*..................................................................................................1

29 U.S.C. § 206(a)(1)..............................................................................................................4

29 U.S.C. § 207(a)(1)..............................................................................................................6

29 U.S.C. § 211(c) ...................................................................................................................5

29 U.S.C. § 216(b) ...............................................................................................................7, 10

29 U.S.C. § 255(a) ...................................................................................................................8

29 U.S.C. § 260 .......................................................................................................................7

N.Y. B.C.L. §306(b)(1))………………………………………………………………...1

N.Y. C.P.L.R. § 311(1) ...........................................................................................................1

N.Y. C.P.L.R. § 308(2) ...........................................................................................................1

NYLL §§195(1) ....................................................................................................................10

NYLL §§195(3) ....................................................................................................................10

N.Y. Labor Law §§ 650 ..........................................................................................................1

N.Y. Labor Law § 663(1) ..................................................................................................7, 10

## Rules and Regulations

12 N.Y.C.R.R. §§ 146 146 ................................................................................................1

12 N.Y.C.R.R. § 146-1.4 ..................................................................................................5

12 N.Y.C.R.R. § 146-1.2 ..................................................................................................5

12 N.Y.C.R.R. § 146-3.5 ..................................................................................................5

12 N.Y.C.R.R. § 146-1.6 ..................................................................................................9

Local Rule 55.2(b). ..........................................................................................................1

Fed. R. Civ. P. 4(h) (1) .....................................................................................................1

Fed. R. Civ. P. 55(b) (2) ................................................................................................1, 4

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
# APPLICATION FOR DEFAULT JUDGMENT

Plaintiff Concepcion Flores, by counsel, submits this memorandum of law in support of her application for a default judgment pursuant to Fed. R. Civ. P. 55(b) (2) and Local Rule 55.2(b). The pertinent facts, which compel the relief requested, are stated in the accompanying declaration of Lina Stillman and accompanying exhibits, Plaintiff's declaration in support, and are cited below.

## Preliminary Statement

The Plaintiff commenced this action on December 7th, 2019. The complaint asserts claims against Defendants for unpaid minimum and overtime wages under the federal Fair Labor Standards Act ("FLSA") (29 U.S.C. §§ 201 *et seq.*), the New York Labor Law ("NYLL") §§190 and 650 *et seq.*, and the overtime law and the associated regulations of the New York Commissioner of Labor codified at N.Y.C.R.R. Tit. 12 §§ 146) (herein the "Hospitality Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

A copy of the summons and complaint was served on Defendant Luna's Restaurant Inc. on and defendants Elvia Luna and Irais Tellez on January 24, 2020 by delivering the Summons and Complaint to a person of suitable age and discretion at her actual place of business/usual place of abode in accordance with the requirements of New York CPLR § 308(2). Proof of such service was filed February 4, 2020.

The Defendants failed to answer the complaint or otherwise appear, and on March 13, 2020 the Clerk of the Court issued certificates of default.

As alleged in the Complaint and accompanying affidavits, the Plaintiff is a former employee of Defendants. Defendants own, operate, and control a restaurant located at 43-13 Broadway, Astoria, NY 11103 under the name "Luna's Mexican Restaurant" (Complaint ¶26) Defendants had the power to hire and fire the Plaintiff, control Plaintiff's terms and conditions of employment, and determine the rate and method of Plaintiff's compensation. (Complaint ¶18).

At all times relevant to this action, Defendants were engaged in interstate commerce or in an industry or activities that affect interstate commerce. (Complaint ¶28). The gross annual volume of sales made by Luna's Restaurant Inc. in each year from 2016 to the present, was not less than $500,000. (Complaint ¶15).

As described in detail below, Defendants regularly required the Plaintiff to work in excess of 40 hours per week without paying Plaintiff the proper regular rate of pay and overtime wages. (Complaint, ¶43) The Plaintiff was paid in cash, and was not provided pay slips or records, or other accurate indication as to her rate of pay, daily hours worked, or total hours worked each week. (*Id.*) Furthermore, Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices regarding the applicable wage and hour requirements of the FLSA and NYLL. (Complaint ¶¶46-47).

### I. PLAINTIFF IS ENTITLED TO JUDGMENT BY DEFAULT

It is well settled that Defendants who fail to file an Answer or otherwise move in respect to a Complaint filed, are deemed to have admitted all of the well-pleaded allegations in the Complaint pertaining to liability. *D.H. Blair & Co., Inc. v. Gottdiener,* 462 F.3d 95, 107 (2d Cir. 2006) ("Rule 55 tracks the ancient common law axiom that a default is an admission of all well-pleaded allegations against the defaulting party") (citation omitted); ("[o]n an application for a

default judgment, the Court should presume as true the well-pleaded allegations in the complaint, except as to damages"). In this matter, the Defendants have failed to file an Answer or otherwise move in respect to the Complaint filed by the Plaintiff. Thus, Plaintiff's allegations are unchallenged, and consequently, the Complaint and affidavits, attached hereto, are sufficient and appropriate for a default judgment.

Plaintiff Concepcion Flores was employed by the Defendants from approximately from on or about November 2016 until late November 2019. (Complaint ¶32; Flores Dec. ¶5). Her duties required neither discretion nor independent judgment. (Complaint ¶37; Flores Dec. ¶7.) Throughout her employment, Plaintiff Flores worked six days per week, Wednesday through Sunday from 11:00 pm until 9:00 am and Mondays from 11:00 pm until or on about 6:00 am or fifty-five (55) hours per week (Complaint ¶36; Flores Dec. ¶10). Flores was paid a fixed salary of $35 per day (Complaint ¶3; Flores Dec. ¶12). At all times, Flores was paid in cash. (Flores Dec. ¶11).

As shown below, Plaintiff's wages fell far short of the legally required overtime pay. As a result, Plaintiff is entitled to judgment by default for unpaid wages, liquidated damages, spread of hours pay, prejudgment interest, and cost and attorneys' fees as provided by the FLSA and the New York Labor Law. The amount of each of these elements of damage is supported by the accompanying affirmation, affidavit, and damage computation, as discussed below.

II. **PLAINTIFF IS ENTITLED TO BACK PAY; LIQUIDATED DAMAGES; A THREE-YEAR LIMITATIONS PERIOD UNDER THE FLSA; PREJUDGMENT INTEREST, AND COSTS AND ATTORNEYS' FEES**

Upon entry of a default, the court may award damages based upon evidence submitted through affidavits and exhibits, or by an evidentiary hearing. *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Foundation Contractors, Inc.*, 699 F.3d 230, 234 (2d Cir. 2012).

"While Rule 55(b)(2) permits the district court to conduct a hearing to determine damages, such a hearing is not mandatory." *Id.* "Together, 'Rule 55(b)(2) and relevant case law give district judges much discretion in determining when it is "necessary and proper" to hold an inquest on damages.'" *Id.* (quoting *Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993)).

Plaintiff submits that the declarations and exhibits submitted on this motion obviate the need for a hearing on damages. Based on the evidence Plaintiff has put forward, damages, including back pay, liquidated damages, prejudgment interest, should be awarded in the amount of $213,421.38 In addition, Plaintiff should be awarded attorneys' fees and cost in the total amount of $6,384.00.

### A. Back pay

At all times relevant to the FLSA claims in this action, minimum wage rate under the FLSA was $7.25 per hour. 29 U.S.C. § 206(a)(1). Employees must be paid one-and-one-half times their regular rate for each hour worked over forty (40) hours worked in a week. 29 U.S.C. § 207(a)(1). New York's rules on overtime explicitly incorporate those of the FLSA, and thus require pay at one-and-one-half times the regular normal rate for each hour over forty hours worked in a week. 12 N.Y.C.R.R. § 146-1.4. In 2016, the minimum wage in New York was $10.50 increasing to $12.00 December 2016, Again to $13.50 in December 2017, and to $15.00 in December 2018.

The onus is on the employer to maintain proper records of employees' hours worked, 29 U.S.C. § 211(c). Where defendants default, "plaintiff's 'recollection and estimates of hours worked are presumed to be correct.'" *Jiaren Wei v. Lingtou Zhengs Corp.*, Index No. 13-cv-5164 (FB), 2014 U.S. Dist. LEXIS 182325, *21(E.D.N.Y. Dec. 3, 2014)

Here, Plaintiff was not paid overtime at the rate of one-and-a-half times her regular rate. Rather, she received fixed payments that did not vary depending on the number of hours she worked each week. (Complaint ¶¶ 4; Flores Dec. ¶15).

Under New York law, since 2011, when a restaurant employee is paid a weekly salary rather than an hourly wage, the regular rate of her pay is determined by dividing the weekly salary by 40 hours. 12 N.Y.C.R.R. §146-3.5. Likewise, under the FLSA there is a rebuttable presumption that a fixed weekly salary is intended to cover 40 hours of work per week, and therefore the regular rate is calculated by dividing the weekly salary by 40 hours. Where an employee receives a straight weekly salary, there is a rebuttable presumption that the salary covers 40 hours worked. *Berrios v. Nicholas Zito Racing Stable, Inc.*, 849 F.Supp.2d 372, 385 (E.D.N.Y. 2012); *Guallpa v. NY Pro Signs Inc.*, Index No. 11-cv-3133(LGS), 2014 U.S. Dist. LEXIS 77033, *9-*10 (S.D.N.Y. May 27, 2014); *Moon v. Kwon*, 248 F.Supp.2d 201, 207-08 (S.D.N.Y. 2002); *Giles v. City of New York*, 41 F.Supp.2d 308, 317 (S.D.N.Y. 1999); " Unless the contracting parties intend and understand the weekly salary to include overtime hours at the premium rate, courts do not deem weekly salaries to include the overtime premium for workers regularly logging overtime, but instead hold that weekly salary covers only the first 40 hours." *Giles*, 41 F.Supp.2d at 317. Therefore, to determine the employee's regular rate, the weekly salary is divided by 40 hours. *Guallpa*, 2014 U.S. Dist. LEXIS 77033, at *12*13 (where employee was paid a set weekly salary and worked 66 hours per week, "the Court should calculate [plaintiff]'s rate as though her weekly wage was intended to cover a forty-hour work week").

Plaintiff Flores worked 55 hours per week and was paid straight salary of $35 per day for the entire time she worked for Defendants (Complaint ¶4; Flores Dec. ¶¶10).

Plaintiff Flores's regular rate is determined by dividing her weekly pay by 55 hours. Plaintiff Flores was paid a salary of $35 per day, therefore Plaintiff Flores was underpaid by $3,290.00 in 2016, by $26,260 in 2017, by $31,135 in 2018 and $31,855 in 2019 per week. In total, Plaintiff Flores is owed $92,540 in unpaid minimum and overtime wages. (*See id.*)

B.  **Liquidated damages under the FLSA**

Liquidated damages of 100% of the unpaid wages are mandatory under the FLSA. *See* 29 U.S.C. § 216(b) ("Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages"). The employer can make this award discretionary, however, by a showing of good faith. 29 U.S.C. § 260. In the present matter, the Defendants have defaulted. Consequently, they cannot meet this burden, and thus an award of liquidated damages is mandatory. Liquidated damages should be awarded in an amount equal to the unpaid wages and overtime. 29 U.S.C. § 216(b).

Likewise, under the NYLL, "an employee is also entitled to liquidated damages 'equal to one hundred percent of the total of such underpayments found to be due,' unless the employer proves a good faith basis for believing he or she was in compliance with the law." *Wei*, 2014 U.S. Dist. LEXIS 182325, *23 (quoting N.Y. Lab. Law §663(1). However, Plaintiff here only seeks FLSA liquidated damages equal to 100% of the total unpaid number.

Plaintiff is entitled to liquidated damages at the rate of 100% under the FLSA from The beginning to the end of her employment or November 2016 until November 2019. Plaintiff is entitled to $92,540.00 in liquidated damages. (Stillman Dec. Ex. 7).

### C. Three-year limitations period under the FLSA

Under the FLSA, when the underpayment by the employer is willful, the limitations period increases from two (2) to three (3) years. 29 U.S.C. § 255(a).

Willfulness under the FLSA means the employer "knew or showed reckless disregard for the matter of whether [the employer's] conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988); *Damassia v. Duane Reade, Inc.*, 2005 U.S. Dist. LEXIS 9768 at *5 (S.D.N.Y. May 20, 2005) (willfulness was properly pleaded by alleging, inter alia, that the employer was "aware of the existence of the FLSA and its overtime requirements."). In the present matter, Defendants were aware, or should have been aware of the existence of the FLSA and its overtime requirements.

Courts often also find that a defendant's failure to participate in the proceedings is to be taken as additional support for a finding of willfulness within the meaning of FLSA. *See Santillan v. Henao*, 822 F. Supp.2d 284 I 297 (E.D.N.Y. 2011) ("Many courts have found that a defendant's default, in itself, may suffice to support a finding of willfulness."); *Blue v. Finest Guard Servs. Inc.*, 2010 WL 2927398, at *11 (E.D.N.Y. June 24, 2010) ("Since the corporate defendant has failed to appear in court for this case, and a default judgment has [been] entered against it, its failure to pay plaintiffs' minimum wages is deemed to be willful.").

Moreover, the Defendants failed to post the required information concerning the minimum wage laws, paid the Plaintiff in cash, and had no system for recording or even having the Plaintiff record her hours. (Flores Dec. ¶¶19). This deliberate decision to disregard both FLSA and New York law, as well as Defendants' failure to take any affirmative step towards compliance, amount to willfulness for purposes of the FLSA and New York law. *Doo Nam Yang v. ACBL Corp.,* 427

F. Supp.2d 327, 340 (S.D.N.Y. 2005) ("A failure to pay is 'willful' when the employer knowingly, deliberately, or voluntarily disregards its obligation to pay wages") (internal quotation marks omitted).

As Plaintiffs can establish that Defendants' violation of the FLSA was willful, the Plaintiff is entitled to a three-year limitations period under the FLSA, i.e., starting from March 11, 2012, three years before the complaint was filed. *See, e.g.*, *Decraene v. Neuhaus (U.S.A.), Inc.*, 2005 U.S. Dist. LEXIS 10836 at *23-*24 (S.D.N.Y. 2005).

### D. Wage Notice and Statement Violations

Defendants never provided Plaintiff Flores with annual notice of her wages, or a wage statement, as required by NYLL §§195(1), 195(3). (Complaint ¶¶ 40, 41, 42, Flores Dec. ¶¶18) Plaintiff Flores is entitled to statutory damages in the maximum amount of $5,000 under each section, for a total of $10,000.

### E. Costs and attorneys' fees

The FLSA and the New York Labor Law both contain fee-shifting provisions for actions to recover unpaid wages. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the Plaintiff or Plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action"); N.Y. Labor Law § 663(1) ("[An employee] may recover . . . costs and such reasonable attorney's fees as may be allowed by the court"). Accordingly, Plaintiff Flores should be awarded attorneys' fees and costs, in the amount of $6,384.00.

## CONCLUSION

For the reasons stated above and in the accompanying declarations and exhibits, the Plaintiff's application for a default judgment should be granted in its entirety.

Dated: New York, New York
July 20, 2020

                                                     LINA STILLMAN LAW, P.C.

                                                     By:    /s/Lina Stillman

*Lina Stillman*

                                                       Lina Stillman , Esq.
                                                     42 Broadway, 12th Floor
                                                   New York, New York 10004
                                                   Telephone: 1800-933-5620
                                                   *Attorneys for Plaintiff*